**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GERALD GRIFFITH,
              Appellant,

              v.

OFFICE OF PERSONNEL
     MANAGEMENT,
              Agency.

DOCKET NUMBER
DA-831M-23-0284-I-1

DATE: August 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jennifer Duke Isaacs, Esquire, Atlanta, Georgia, for the appellant.

Kevin D. Alexander, Sr. and Alison Pastor, Washington, D.C., for the
     agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) determining that the appellant received an overpayment in Civil Service Retirement System (CSRS) annuity benefits, and he was not entitled to waiver.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the administrative judge's finding as to the existence and amount of the $102,239.00 overpayment and her finding that the appellant was not at fault in the creation of the overpayment. We VACATE the administrative judge's finding that the appellant is not entitled to a waiver of the overpayment, and we FIND INSTEAD that the appellant is entitled to such a waiver. We also DO NOT SUSTAIN OPM's reconsideration decision in this regard.

## BACKGROUND

¶2      The following facts are undisputed. When the appellant retired from his Aerospace Engineer position under CSRS in September 2000, he chose a reduced annuity with a maximum survivor annuity benefit for his current spouse, he indicated that he had a living former spouse and a court order which gave the former spouse a survivor annuity, and he noted that OPM already had the court order. Initial Appeal File (IAF), Tab 12 at 146, 163. On March 12, 2001, OPM notified the appellant that it "processed [his] former spouse's claim for a court awarded portion of [his] civil service retirement benefit," her March 1, 2001 payment was not deducted, OPM intended to deduct it in two installments starting with the April 1, 2001 payment, and it "intend[ed] to honor the court's former spouse survivor annuity award." *Id*. at 94. In a March 16, 2001 special notice, OPM notified the appellant that it had fully reduced his annuity to provide his former spouse with the partial annuity benefit based on the qualifying court order and to provide his current spouse with the balance of the maximum allowable survivor benefit. *Id*. at 44.

¶3      In March 2022, the appellant notified OPM of the death of his former spouse earlier that month. *Id*. at 63, 89. OPM acknowledged that it recalculated his annuity payment based on this information. *Id*. at 82. On August 24, 2022, OPM stated that it had removed the former spouse from his annuity and that his current wife would remain at the maximum survivor benefit. *Id*. at 63. However,

OPM disclosed that it committed an error in the original gross annuity rate retroactive to the commencement date of his annuity in October 2000. *Id*. OPM explained that it had only reduced his annuity for a partial survivor benefit for his former wife, but it had failed to reduce it for the maximum survivor benefit for his current spouse. *Id*. OPM therefore determined that the appellant had been overpaid from October 1, 2000, to August 30, 2022, in the amount of $102,239.00, and that he was responsible for the overpayment. *Id*. at 63-65. The appellant requested reconsideration and a waiver but, on March 31, 2023, OPM affirmed its initial decision. IAF, Tab 1 at 7-10, Tab 12 at 42-43. OPM indicated that the appellant would be required to repay the overpayment in 41 monthly installments of $2,483.19, and a final installment of $428.21. IAF, Tab 1 at 7-10.

¶4      The appellant then filed a Board appeal requesting a waiver or an adjustment of the overpayment. IAF, Tab 1. He requested a hearing. *Id*. at 2. Through subsequently designated counsel, the appellant withdrew his request for a hearing and requested that the administrative judge issue a decision based on the written record. IAF, Tabs 6, 21. The administrative judge issued an initial decision in which she found that OPM proved the existence and amount of the overpayment, and the appellant was without fault in the creation of the overpayment. IAF, Tab 24, Initial Decision (ID) at 4-6. However, the administrative judge determined that the appellant did not prove that the collection of the debt was unconscionable because he did not show that it would cause him financial hardship, that he detrimentally relied on the overpayment, or that OPM's actions or other circumstances, including his age, made waiver appropriate. ID at 6-9. The administrative judge also found that OPM was not grossly negligent and that the appellant had not established that he was entitled to an adjustment of the collection schedule. ID at 7-9. The administrative judge therefore affirmed OPM's reconsideration decision. ID at 9.

¶5       In his petition for review, the appellant reiterates that he is entitled to a waiver or an adjustment of the overpayment. Petition for Review (PFR) File, Tab 1. OPM has submitted a response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6       Neither party challenges the administrative judge's finding that OPM proved the existence and amount of the overpayment and that the appellant was not at fault in the creation of the overpayment. We discern no error with the administrative judge's findings in this regard, and we affirm them herein.

¶7       Under 5 U.S.C. § 8346(b), recovery of an annuity overpayment must be waived when the annuitant is without fault and recovery would be against equity and good conscience. *Kellet v. Office of Personnel Management*, 62 M.S.P.R. 1, 4 (1993). The annuitant bears the burden of establishing his entitlement to a waiver by substantial evidence. *Id*.; 5 C.F.R. § 831.1407(b). Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. §§ 1201.4(p), 1201.56(b)(2)(ii). This is a lower standard of proof than preponderance of the evidence. 5 C.F.R. § 1201.4(p).

¶8       As previously noted, we affirm the administrative judge's finding that the appellant was without fault in the creation of the overpayment. The question is whether recovery of the overpayment is against equity and good conscience. The Board has held that recovery of an overpayment is against equity and good conscience if the annuitant who is not at fault can establish financial hardship, detrimental reliance, or unconscionability under the circumstances. *Kellet*, 62 M.S.P.R. at 4; 5 C.F.R. § 831.1403. The appellant did not specifically contend before the administrative judge or on review that recovery of the overpayment was a financial hardship or that he detrimentally relied on the overpayment. Therefore, we consider only whether recovery of the overpayment is

unconscionable under the circumstances. The unconscionability standard is a high one, and a waiver based on this standard will be granted only under exceptional circumstances. *Aguon v. Office of Personnel Management*, 42 M.S.P.R. 540, 549 (1989). Such circumstances may include, but are not limited to, cases wherein there has been an exceptionally lengthy delay by OPM in adjusting an annuity, OPM has failed to act expeditiously to adjust an annuity in the face of specific notice, or when OPM was otherwise grossly negligent. *Kellet*, 62 M.S.P.R. at 4; *Aguon*, 42 M.S.P.R. at 550. The administrative judge cited the proper legal standards in the initial decision.

¶9 However, we disagree with the administrative judge's conclusion that recovery of the debt is not unconscionable. ID at 7-9. In pertinent part, the administrative judge relied on *Taylor v. Office of Personnel Management*, 87 M.S.P.R. 214, ¶ 20 (2000), to conclude that collection of the overpayment was not unconscionable because OPM did not delay once it became aware of the circumstances that created the debt. ID at 8. We find that *Taylor* is distinguishable because, among other things, the amount of the overpayment— $2,968.00 before the Board waived recovery of part of the debt based on the then-existing age-of-debt rule, *Taylor*, 87 M.S.P.R. 214, ¶¶ 5, 8-16—is a small fraction of the total amount of the overpayment here, and the overpayment only accrued over approximately 10 years.

¶10 Indeed, the parties do not dispute that it took 22 years for OPM to recognize its error in this matter, the amount of the overpayment is considerable, and the appellant is now nearly 86 years old. IAF, Tab 12 at 146. The Board has held that an egregious delay by OPM in adjusting an annuity can, in itself, justify a finding that a recovery would be unconscionable. *Aguon*, 42 M.S.P.R. at 549. For example, in *Estate of Konschak v. Office of Personnel Management*, 84 M.S.P.R. 555, ¶¶ 11-14 (1999), the Board determined that recovery would be unconscionable because the appellant was 82 years old, he had accumulated an overpayment of $101,702.23 over a 22-year period before OPM discovered an

obvious omission in his retirement application, and the Board found that Mr. Konschak was not at fault in the creation of the overpayment. Additionally, in *Kellet*, 62 M.S.P.R. at 5, OPM did not adjust the appellant's annuity for over 10 years despite having received ample notice of the appellant's election to provide a survivor annuity upon his remarriage. The Board found that waiver of the overpayment was warranted and held that a 10-year unexplained delay by OPM in adjusting an annuity was egregious and recovery of the overpayment would be unconscionable given the totality of the circumstances. *Id*.

¶11　　　Based on our review of the totality of the circumstances and relevant case law, *see Aguon*, 42 M.S.P.R. at 550, we find that OPM's delay was egregious, and recovery of the overpayment is unconscionable. Accordingly, we find that waiver of the $102,239.00 overpayment amount is warranted in this case.

## ORDER

¶12　　　We ORDER OPM to grant the appellant a full waiver of his assessed overpayment. OPM must complete this action within 20 days of the date of this decision.

¶13　　　We also ORDER OPM to inform the appellant of all actions taken to comply with the Board's order and of the date on which it believes it has fully complied. *See* 5 C.F.R. § 1201.181(b). We ORDER the appellant to provide all necessary information that the agency requests in furtherance of compliance. The appellant should, if not notified, inquire about the agency's progress.

¶14　　　Within 30 days of the agency's notification of compliance, the appellant may file a petition for enforcement with the regional office to resolve any disputed compliance issue or issues. The petition should contain specific reasons why the appellant believes there is insufficient compliance and should include the dates and results of any communications with the agency about compliance. *See* 5 C.F.R. § 1201.182(a).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.    5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.